139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Harold E. BAKER, Defendant-Appellant.
 No. 97-3117.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 26, 1998.
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96-0026M-X-01, Steven L. Crocker, Magistrate Judge.
 Before Hon. Richard A. Posner, Chief Judge, and Hon. Walter J. Cummings and Hon. Kenneth F. Ripple, Circuit Judges.
 
 ORDER
 
 1
 On August 5, 1997, the district court sentenced Harold Baker to thirty days' imprisonment for simple assault. Baker's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Baker was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), but he has not availed himself of this opportunity. Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Baker is a veteran who went to the Veteran's Affairs Medical Center in Tomah, Wisconsin on September 20, 1995 for assistance with a dental problem. After his appointment, Baker stepped into a men's restroom where smoking was prohibited. While Baker was in a stall, a Medical Center inpatient named Chris Penrose entered the restroom and lit a cigarette. Baker, an asthmatic, told Penrose to extinguish the cigarette. Penrose refused, however, and coupled his profane refusal with a swing at Baker. Baker, being the larger man, easily knocked Penrose to the floor and kicked him, breaking three ribs. The altercation ceased when a hospital employee heard Penrose's screams, entered the bathroom, and shouted at Baker to leave Penrose alone. Baker was charged with simple assault pursuant to 18 U.S.C. § 113(a)(5) and, after a bench trial, was found guilty of the charged offense. In finding Baker guilty, the magistrate judge concluded that although Penrose was the initial aggressor, Baker responded to Penrose's provocations with force far greater than that which was necessary.
 
 
 3
 In her Anders brief, defense counsel identifies one potential argument that could be asserted on appeal but that she concludes would be frivolous: whether sufficient evidence supported Baker's conviction for simple assault. When reviewing a conviction for sufficiency of the evidence, "[w]e review all the evidence in the light most favorable to the Government...." United States v. Emerson, 128 F.3d 557, 560 (7th Cir.1997). We will reverse only when the record is devoid of evidence from which a trier of fact could find guilt beyond a reasonable doubt. Id. "We will not reweigh the evidence or reevaluate the credibility of witnesses." United States v. Kellum, 42 F.3d 1087, 1091 (7th Cir.1994).
 
 
 4
 From our review, substantial evidence supports the district court's finding of guilt, and any appeal on this basis would be frivolous. The court heard and weighed testimony from numerous witnesses, including the hospital employee who witnessed Baker kicking Penrose, and a radiologist who testified that Penrose's rib fractures were caused by substantial force to his chest. Notwithstanding Baker's testimony that he acted in self-defense and did not intend to harm Penrose, the district court could rationally find Baker guilty of simple assault and of using force beyond that which was necessary to ward off Penrose's attack.
 
 
 5
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.